1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAGHUVINDER KUMAR,

      Petitioner,

  v.

EMILIO T. GONZALES, SF District
Director; MICHAEL CHERTOFF, as
Secretary of the Department of
Homeland Security; MICHAEL MUKASEY,
Attorney General of the United
States,

      Respondents.

_____/

No. C 07-6391 CW

ORDER DENYING
PETITION FOR WRIT OF
HABEAS CORPUS

Petitioner Raghuvinder Kumar brings this action seeking a writ
of habeas corpus under 28 U.S.C. § 2241, claiming that his
detention by U.S. Immigration and Customs Enforcement (ICE)
violates the Immigration and Nationality Act (INA) and is
unconstitutional.  Respondents Emilio T. Gonzales, Michael Chertoff
and Michael Mukasey oppose the petition.  The matter was taken
under submission on the papers.  Having considered all of the
papers submitted by the parties, the Court denies the petition.

BACKGROUND

Petitioner is an Indian national.  He entered the United

States in 2000 and applied for asylum thereafter.  An immigration judge denied his application in 2006 and he was ordered removed to India.  Petitioner appealed this decision to the Bureau of Immigration Appeals (BIA).  He was subsequently convicted of a misdemeanor under state law and was incarcerated in the Santa Clara County Jail.  The U.S. Immigration and Customs Enforcement (ICE) learned of Petitioner's incarceration and determined that he should be taken into custody upon his release from jail, pending a decision on his appeal to the BIA.

On or about May 9, 2007, ICE served Petitioner with a notice of custody determination and took him into custody.  On June 18, 2007, the BIA dismissed Petitioner's appeal.  ICE issued a warrant of removal that same day.  On June 22, 2007, Petitioner filed a petition with the Ninth Circuit Court of Appeals seeking review of the BIA's decision and a stay of removal.  The court issued a stay of removal; the petition for review is still pending.

On September 12, 2007, ICE notified Petitioner that it would continue to detain him because it was in possession of a valid travel document for him, which made his actual removal possible, and because his removal had been delayed solely due to the stay he had obtained from the Ninth Circuit.  On December 17, 2007, Petitioner filed his petition for a writ of habeas corpus with this Court.  He claims that his detention is not authorized by the INA and is unconstitutional.

Subsequent to filing his habeas petition, on January 15, 2008, Petitioner moved the Ninth Circuit for an extension of time to file his opening brief in the review proceeding.  This motion was

2

granted.   On March 7, 2008, Petitioner filed a second motion for an
extension of time to file his opening brief.   This motion was also
granted.   In the first motion, Petitioner represented to the Ninth
Circuit that he was "not in the custody of the Department of
Homeland Security at the present time."   Return Ex. 11 at 3.   In
the second motion, Petitioner represented that he was "not
detained."   Id. Ex. 12 at 2.   Petitioner has not sought to explain
the apparent contradiction between these statements and the
asserted factual basis for his habeas petition.

DISCUSSION

Petitioner's detention is governed by one of two possible
sections of the INA: 8 U.S.C. § 1226(a), which governs
"Apprehension and detention of aliens" until they are ordered
removed, and 8 U.S.C. § 1231(a), which governs "Detention, release,
and removal of aliens ordered removed."   It is not clear which
statute applies to the detention at issue here.

Section 1226(a) provides that "an alien may be arrested and
detained pending a decision on whether the alien is to be removed
from the United States."   Section 1231(a), in contrast, applies
only to aliens who have already been ordered removed.   It
establishes a "removal period" that lasts for ninety days, during
which time "the Attorney General shall remove the alien."
§ 1231(a)(1)(A).   It also provides, "During the removal period, the
Attorney General shall detain the alien."   § 1231(a)(2).   The
removal period begins on the latest of the following:

> (i) The date the order of removal becomes
> administratively final.

United States District Court
For the Northern District of California

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B).

Because Petitioner has petitioned the Ninth Circuit for a review of his final order of removal, and because that court has not yet issued a final order on review, Petitioner's removal period has not yet begun.  Thus, his detention is not compelled by the plain language of section 1231(a)(2), which on its face only applies to detention during the removal period.[1]  At the same time, "a decision on whether [Petitioner] is to be removed from the United States" is no longer "pending," § 1226(a), unless the "decision" to which the statute refers is interpreted to be the Ninth Circuit's pending decision on Petitioner's petition for review of the BIA decision.  Thus, section 1226(a) does not appear to apply to Petitioner's situation, either.

The Ninth Circuit apparently has not addressed whether an individual's detention pending judicial review of a final administrative order of removal is governed by section 1226(a) or section 1231(a).  The Court need not determine which section applies, however, because the issue is not dispositive to the

---

[1] As Respondents note, the section of the INA that governs judicial review of removal orders states that nothing therein "prevent[s] the Attorney General, after a final order of removal has been issued, from detaining the alien under section 1231(a) of this title." 8 U.S.C. § 1252(b)(8)(A).  This strongly suggests that Congress intended detention during judicial review to be governed by section 1231(a), not section 1226(a).

4

outcome of this action.  Although Petitioner vaguely claims that his detention "violates the INA," Pet. at 2, he has not cited any provision of the Act, and has not refuted Respondents' argument that his detention is within the ambit of either section 1226(a) or section 1231(a).  Nor has Petitioner cited any case in which a court has held that detention during the period of judicial review is not authorized under the INA at all.  Indeed, it would defy reason to conclude that Congress intended to authorize an alien's detention up to the point at which a final order of removal is issued against him and then again once his removal period has begun, but not in the interim as he pursues judicial review of the order of removal.  Therefore, because Petitioner's detention falls under the purview of either section 1226(a) or section 1231(a), it does not "violate the INA" in this respect.

A different question is whether the <u>length</u> of Petitioner's detention is authorized under the INA.  By citing <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), Petitioner implicitly argues that his removal is not reasonably foreseeable, and therefore his detention is not authorized.[2]  In <u>Zadvydas</u>, the Supreme Court addressed, as a matter of statutory interpretation, the meaning of 8 U.S.C. § 1231(a)(6), which provides that certain aliens "may be detained beyond the removal period" of ninety days established in section 1231(a)(1)(A).  The issue was whether the statute permits the indefinite detention of aliens who are subject to a final order of

---

[2]Petitioner's argument is expressed in terms of due process. However, as explained below, this reflects an incorrect characterization of <u>Zadvydas</u>.

United States District Court
For the Northern District of California

removal but cannot be removed because no country will accept them.

The Court reasoned that, because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," the statute should not be interpreted so as to authorize indefinite detention in the absence of a clear statement by Congress.  Id. at 690, 696-97.  Thus, the Court construed § 1321(a)(6) to authorize only detention that was "reasonably necessary to bring about [an] alien's removal from the United States."  Id. at 689.  The Court stated that six months should be considered a "presumptively reasonable period of detention" under this standard.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. at 701.

Because Petitioner is not being held past his ninety-day removal period, Zadvydas does not directly apply to his situation. However, in Nadarajah v. Gonzales, 443 F.3d 1069, 1076-77 (9th Cir. 2006), the Ninth Circuit held that, based on the rationale underlying the Zadvydas decision, the "general immigration detention statutes," such as those pursuant to which Petitioner is being held, also do not authorize indefinite detention:

Rather, consistent with the Supreme Court's approach in

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1 | <u>Zadvydas</u>, we conclude that the statutes at issue permit
2 | detention only while removal remains reasonably
foreseeable.  Further, consistent with <u>Zadvydas</u>, we
3 | conclude that after a presumptively reasonable six-month
detention, "once the alien provides good reason to
4 | believe that there is no significant likelihood of
removal in the reasonably foreseeable future, the
5 | Government must respond with evidence sufficient to rebut
that showing."

6 <u>Id.</u> at 1078 (quoting <u>Zadvydas</u>, 533 U.S. at 701).

7        Petitioner's assertion that "[t]he immigration statute that

8 governs his detention authorizes [ICE] to detain aliens for a

9 maximum period of six months after the final order of deportation

10 becomes executable," Pet. ¶ 1, mischaracterizes the law.  Six

11 months is merely the period of time during which the government's

12 detention of an alien will be presumed to be reasonable.  <u>Zadvydas</u>

13 and its progeny still "place[] the burden on the alien to show,

14 after a detention period of six months, that there is 'good reason

15 to believe that there is no significant likelihood of removal in

16 the reasonably foreseeable future.'"  <u>Pelich v. INS</u>, 329 F.3d 1057,

17 1059 (9th Cir. 2003) (quoting <u>Zadvydas</u>, 533 U.S. at 710).

18        Although Petitioner has been in ICE custody for nearly a

19 year,[3] longer than the presumptively reasonable period, he has

20 failed to show that there is no significant likelihood of his

21 removal in the reasonably foreseeable future.  To the contrary, it

22 is very likely that Petitioner will be removed (or else he will be

23 released) once the Ninth Circuit rules on his petition for judicial

24 review; ICE is in possession of valid travel documents for

25

26        [3]The Court notes that three months of the time Petitioner has
spent in detention is attributable to his two requests for
27 extensions of time to file his opening brief in the Ninth Circuit
proceedings.

28                                     7

United States District Court
For the Northern District of California

Petitioner and would have removed him already had it not been for the stay of removal Petitioner obtained from the court of appeals. In addition, the delay in Petitioner's removal is of his own making.   While Petitioner is entitled to seek judicial review of the BIA's decision to deny him asylum and should not be penalized for exercising his rights, he cannot simultaneously take steps to prevent his removal while seeking a writ of habeas corpus on the basis that he has not yet been removed.  See Pelich, 329 F.3d at 360 ("[T]he detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock.").

Petitioner argues generally that his detention violates both substantive and procedural due process.  His substantive due process argument, however, appears to misread Zadvydas as holding that any detention exceeding six months violates the detainee's substantive due process rights.  But Zadvydas dealt with an issue of statutory interpretation.  Its rule that the INA authorizes only a period of detention that is reasonably necessary to effect the detainee's removal was crafted in order to avoid the substantive due process concerns that would be presented if the Act authorized indefinite detention.  It follows that if Respondents' actions are lawful under the Zadvydas standard, they do not violate Petitioner's due process rights.[4]

_____

[4]In addition, although the Zadvydas Court found that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," 533 U.S. 690, it also found that "[d]espite this constitutional problem, if Congress has made its intent in the statute clear, we must give effect to that intent,"

(continued...)

**United States District Court**
For the Northern District of California

1    As for Petitioner's assertion that his right to procedural due

2  process has been violated, he has not stated a factual basis for

3  this claim.  He states only that he "was placed under detention

4  even before the Board issued a decision" on his asylum application,

5  and that a "custody review was undertaken on or about September 16,

6  2007."  Pet. ¶ 10.  While he argues that procedural due process

7  "requires a custody hearing before an independent and impartial

8  adjudicator, not just an ICE employee," he has not alleged any

9  procedural irregularities or deficiencies in connection with the

10  decision to detain him.  Thus, he has not demonstrated that habeas

11  relief is warranted on this basis.

12                            CONCLUSION

13    For the foregoing reasons, the petition for a writ of habeas

14  corpus is DENIED.  If, at some future time, it appears that there

15  is no significant likelihood of Petitioner's removal in the

16  reasonably foreseeable future, he may file another habeas petition

17  at that time.

18    IT IS SO ORDERED.

19

20  Dated:  5/6/08

21                              _____
                                CLAUDIA WILKEN
                                United States District Judge

22

23

24

25

26    ⁴(...continued)

27  id. at 696.  Thus, it is not clear that a substantive due process
    argument would be available to Petitioner in any event.

28                                9